UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 13, 2018

LETTER TO COUNSEL

RE: *Patricia Lee Fann v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-2281

Dear Counsel:

On August 10, 2017, Plaintiff Patricia Lee Fann petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Ms. Fann's reply. [ECF Nos. 17, 19, 20]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Fann filed her claim on August 19, 2013, alleging a disability onset date of October 10, 2012. (Tr. 234-42). Her claim was denied initially and on reconsideration. (Tr. 87-96, 98-109). A hearing was held on June 30, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 38-86). Following the hearing, the ALJ determined that Ms. Fann was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-30). The Appeals Council ("AC") denied Ms. Fann's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Fann suffered from the severe impairments of "asthma, chronic obstructive pulmonary disease ('COPD'), tobacco abuse, right subdeltoid bursitis, tendinopathy of the right rotator cuff tendon, cervicalgia, degenerative changes of the right acromioclavicular ('AC') joint, right shoulder impingement syndrome, and right shoulder adhesive capsulitis." (Tr. 12-13). Despite these impairments, the ALJ determined that Ms. Fann retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except she can occasionally crawl and climb ramps and stairs. She can never climb ladders,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>ropes, or scaffolds. She can frequently balance, stoop, kneel, and crouch. She can never be exposed to unprotected heights. She can be exposed to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, and extreme heat frequently.

(Tr. 16-17). After considering the testimony of a vocational expert ("VE"), the ALJ determined alternatively that Ms. Fann could perform her past relevant work as a manager, and that she could perform other work existing in significant numbers in the national economy. (Tr. 23-24). Therefore, the ALJ concluded that she was not disabled. (Tr. 24-25).

Ms. Fann raises two primary arguments on appeal. First, she argues that the ALJ improperly evaluated Listing 1.04A. Pl. Mot. 8-19. Second, she contends that the ALJ erred in considering her RFC assessment by failing to perform an adequate function-by-function analysis, particularly as to her capacity to manipulate objects. *Id.* at 19-22. I concur that further analysis must be provided as to Listing 1.04. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Fann is not entitled to benefits is correct.

Beginning with the successful argument, at step three, the ALJ determined that Ms. Fann's impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16). His decision specifically addressed Listing 1.04A, among several others. To meet Listing 1.04A, a claimant must have a disorder of the spine, resulting in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04A. In his decision, the ALJ simply stated:

>The claimant does not meet Listing 1.04A because there is no objective evidence of sensory or reflex loss. AR 15-1(4). She testified that she can perform her own personal care, pour herself a cup of coffee, care for her houseplants, wash dishes, sweep with a broom, care for her pet birds, brush her cat, and prepare simple meals. As noted below, she also drives a car.

(Tr. 16).

An ALJ must identify the relevant listings and compare each of the criteria to the evidence of the claimant's symptoms when there is "ample evidence in the record to support a determination" that the claimant's impairments meet or equal a listing. *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986). Remand is not warranted "in those circumstances where it is clear from the record which listing or listings . . . were considered," and the court can still "readily [] determine whether there was substantial evidence to support the ALJ's Step Three conclusion." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 522 (D. Md. 2002). In the instant

case, because the ALJ apparently believed that the record contained ample evidence that Listing 1.04A might be met, he expressly identified that listing. (Tr. 16).

The remainder of the ALJ's analysis, however, is patently deficient. The ALJ did not cite any medical evidence to support his step three conclusions, and simply made a conclusory assertion regarding the absence of evidence to support just one of several relevant criteria. Ms. Fann cites to medical evidence she believes establishes that sensory or reflex loss and the remaining criteria were present. Pl. Reply 3-10. The SSA asserts that the remaining criteria were not present. Def. Mot. 10-12. My role is to review the ALJ's analysis of the issue, not to conduct the analysis in the first instance. *See Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (unpublished) (emphasizing that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record"). Here, without any analysis from the ALJ to suggest whether or how he evaluated the remaining criteria of Listing 1.04A, I am unable to review whether the ALJ's conclusions were supported by substantial evidence.

Because the case is being remanded on other grounds, I need not address whether the ALJ adequately considered Ms. Fann's functional ability to perform "the physical manipulative demands of work." Pl. Mot. 22. On remand, the ALJ should review the issue and should determine whether additional discussion of Ms. Fann's ability to lift, reach, and finger is warranted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge