UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

January 16, 2020

LETTER TO COUNSEL

      RE:    *Patricia F. v. Commissioner, Social Security Administration*
                Civil No. DLB-17-2281

Dear Counsel:

      Theodore A. Melanson, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 25. In response, the Commissioner asked this Court to consider whether Mr. Melanson's requested amount constitutes a reasonable fee. ECF 26. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED.

      This Court awarded Mr. Melanson a total of $5,200.00 for 28.00 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 24. Plaintiff subsequently received an Award Notice, which indicates that $20,447.25 has been withheld for attorney's fees.[1] ECF 25-2 at 5. On November 21, 2019, Mr. Melanson filed a Motion in this Court, seeking $20,447.25 in attorney's fees (less $6,000.00 already paid in administrative fees). ECF 25. Mr. Melanson has agreed to reimburse Plaintiff in the amount of fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

---

[1] The Commissioner acknowledges that the Notice of Award does not specify the amount of Plaintiff's past due benefits and does not contest that $20,447.25 is 25% of Plaintiff's award. ECF 26 at 1-2.

Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which she might become entitled. ECF 22-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted itemized reports documenting 28.00 chargeable hours he expended before this Court in Plaintiff's case. ECF 22-7 (listing a total of 28.50 hours, 0.50 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Melanson receives the full amount of fees he requests, his fee for representation before this Court will effectively total $515.97 per hour. Therefore, Mr. Melanson must show that an effective rate of $515.97 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Melanson's typical hourly billing rate is $300.00, ECF 22-6 ¶ 6, which is also the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Melanson. *See Makeita H. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1643 (D. Md. Aug. 2, 2019); *Craig C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2782 (D. Md. May 10, 2019); *Dewain S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-0716 (D. Md. Jan. 11, 2019). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Melanson's motion seeking attorney's fees, ECF 25. This Court will award Mr. Melanson attorney's fees totaling $14,447.25. Mr. Melanson is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2018). Currently, Mr. Melanson has over five years of experience, ECF 22-6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00, Loc. R. App. B (D. Md. 2018).